IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
NOV 30 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATES OF AMERICA**

v.         Criminal Action No. **3:97CR169**
       Civil Action No. 3:15CV722

**LaFAWN DeWAYNE BOBBITT,**

    Petitioner.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on June 30, 2003, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 417, 418.) On April 20, 2015 and June 3, 2015,[1] the Court received an untitled Letter Motion (ECF Nos. 449, 450) from Petitioner wherein he contends the prosecutors engaged in misconduct and committed a fraud upon the court. Petitioner contends that the Indictment in his case "was so fatally invalid that a prosecution cannot be based upon it" and requests that the Court to grant him the appropriate relief. (Letter Mot. 3 (capitalization corrected).) For the reasons stated below, Petitioner's Letter Motion is a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive

---

[1] The June 3, 2015 submission is merely a copy of the April 20, 2015 Letter Motion.

labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . ., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Petitioner's Letter Motion continues to challenge his prosecution and conviction and falls within the ambit of 28 U.S.C. § 2255(a). Therefore, Petitioner's Letter Motion (ECF No. 449) WILL BE TREATED AS A SUCCESSIVE § 2255 Motion. The Clerk WILL BE DIRECTED TO ASSIGN A CIVIL ACTION NUMBER to the Letter Motion. Because the Court has not received authorization from the Fourth Circuit to file the motion, the action WILL BE DISMISSED FOR WANT OF JURISDICTION. The Court WILL DENY a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 11/30/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge